UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ADAMS,<br><br>               Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>               Defendant. | Case No. CV 17-8724 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.      SUMMARY**

On December 4, 2017, plaintiff Steve Adams filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; 12/6/17 Case Management Order ¶ 5.

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 17, 2012, plaintiff filed an application for Supplemental Security Income alleging disability beginning on September 20, 2012, due to bipolar disorder, osteoarthritis, ADHD, and depression. (Administrative Record ("AR") 19, 223, 247-48). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 36-90).

On February 26, 2016, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 19-30). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the acromioclavicular joint, and cervical osteoarthritis (AR 21); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 24); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. § 416.967(c)) with additional limitations[1] (AR 25); (4) assuming plaintiff has past relevant work as a painter, he is capable of performing that past relevant work (AR 28); (5) alternatively, assuming plaintiff has no past relevant work, there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 29); and (6) plaintiff's

---

[1] The ALJ determined that plaintiff also could (i) frequently lift and/or carry 25 pounds and occasionally lift and/or carry 50 pounds; (ii) stand and/or walk for six hours in an eight-hour workday with normal breaks; (iii) sit for six hours in an eight-hour workday with normal breaks; (iv) push and/or pull within the lifting and/or carrying limitations; and (v) frequently reach overhead with the left, non-dominant, upper extremity with the weight restricted to 35 to 40 pounds. (AR 25).

2

statements regarding the intensity, persistence, and limiting effects of his subjective symptoms were not entirely credible (AR 25).

On October 11, 2017, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R. § 416.905(a). To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted). The steps are typically followed in order. 20 C.F.R. § 416.920(a)(4). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)

(citation omitted).  The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

"If the ALJ determines that a claimant is either disabled or not disabled at any step in the process, the ALJ does not continue on to the next step." Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1226 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(a)(4)).  If a disability determination cannot be made at a particular step, however, the ALJ must proceed "to the next step." 20 C.F.R. § 416.920(a)(4).

**B.    Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record."  42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted).  Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted).  When determining

whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099); see also 42 U.S.C. § 405(b)(1) (ALJ's unfavorable decision must "set[] forth a discussion of the evidence" and state "reason or reasons upon which it is based"); 20 C.F.R. § 416.1453(a) ("The administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the decision."); Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196-97 (1947) (administrative agency's determination must be set forth with clarity and specificity).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

IV. DISCUSSION

Plaintiff contends that the ALJ erred at step four in assuming that plaintiff's work as a self-employed painter was past relevant work. (Plaintiff's Motion at 2-5). The Court agrees and, notwithstanding the ALJ's alternative step five determination, concludes that the error was not harmless and warrants a remand.

## A. Pertinent Law

### 1. Step Four

At step four, claimants have the burden to show that they are unable to engage in past relevant work. Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) (citations omitted); 20 C.F.R. § 416.920(e)-(f). Social Security regulations define past *relevant* work as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn it." 20 C.F.R. §§ 416.960(b)(1), 416.965(a); see also Lewis, 236 F.3d at 515 ("A job qualifies as past relevant work only if it involved substantial gainful activity."). Whether particular work involves substantial gainful activity ("SGA") is determined differently depending on whether or not the individual performing the work is self-employed. See Le v. Astrue, 540 F. Supp. 2d 1144, 1149 (C.D. Cal. 2008) (citing, in part, 20 C.F.R. §§ 416.974, 416.975).

Specifically, when a claimant is self-employed, whether a particular job involves SGA is essentially determined by evaluating the work activities a claimant performed and their value to the particular business using three tests – namely, "Test One," "Test Two," and "Test Three." 20 C.F.R. § 416.975(a)(2); SSR 83-34, 1983 WL 31256, at *2-*9. If work is deemed SGA under Test One, the ALJ need not proceed to Tests Two and Three. Le, 540 F. Supp. 2d at 1150 (citation omitted). Conversely, if it is "clearly established" under Test One that a claimant was not engaged in SGA, both the second and third SGA tests must be considered. 20 C.F.R. § 416.975(a)(2); SSR 83-34, 1983 WL 31256, at *9.

Under Test One, work activity is considered SGA when the claimant (i) "renders services that are significant to the operation of the business"; and (ii) "receives a substantial income from the business." 20 C.F.R. § 416.975(a)(1); SSR 83-34, 1983 WL 31256, at *2.; Le, 540 F. Supp. 2d at 1149 (citations omitted). The services of a sole proprietor are necessarily considered "significant." 20 C.F.R. § 416.975(b)(1); SSR 83-34, 1983 WL 31256, at *3; Le,

540 F. Supp. 2d at 1149 n.5 (citations omitted).  Under the second part of Test One, income is generally considered "substantial" if the average monthly "countable income" (as defined in Social Security regulations) from a claimant's business is more than the amount shown for the particular calendar year in the Commissioner's SGA Earnings Guidelines in 20 C.F.R. § 416.974(b) ("SGA Earnings Guidelines").  20 C.F.R. § 416.975(c)(1); SSR 83-34, 1983 WL 31256, at *4.  A claimant may still have "substantial income," however, even if his countable income does not average more than the amount shown in the SGA Earnings Guidelines.  20 C.F.R. § 416.975(c)(2); SSR 83-34, 1983 WL 31256, at *4.  For instance, countable income amounts below SGA Earnings Guidelines levels may be deemed substantial when the "livelihood" a claimant derives from his business is either (a) "comparable to what it was before [the claimant] became seriously impaired" (*i.e.*, the "personal standard"), or (b) "comparable to that of unimpaired self-employed persons in [the] community who are in the same or a similar business as their means of livelihood" (*i.e.*, the "community standard").  20 C.F.R. § 416.975(c)(2); SSR 83-34, 1983 WL 31256, at *4.

Under Test Two, a self-employed claimant is deemed to engage in SGA "if [the claimant's] work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in [the claimant's] community who are in the same or similar businesses as their means of livelihood."  20 C.F.R. § 416.975(a)(2); SSR 83-34, 1983 WL 31256, at *9; Le, 540 F. Supp. 2d at 1149 (citations omitted).

Under Test Three, a claimant engages in SGA "if [the claimant's] work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in [the SGA Earnings Guidelines] when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work [the claimant is] doing."  20 C.F.R.
///

§ 416.975(a)(3); SSR 83-34, 1983 WL 31256, at *9; Le, 540 F. Supp. 2d at 1149-50 (citations omitted).

At step four, although a claimant has the ultimate burden to prove inability to perform past relevant work, "an ALJ still has a duty to make the requisite factual findings to support his [or her] conclusion[s]." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citing, in part, SSR 82-62; 20 C.F.R. §§ 416.971, 416.974, 416.965); Browning v. Colvin, 228 F. Supp. 3d 932, 945 (N.D. Cal. 2017) (same) (citing id.); see generally SSR 82-62, 1982 WL 31386, at *4 ("The rationale for [an ALJ's step four] disability decision must be written so that a clear picture of the case can be obtained."); Pinto, 249 F.3d at 847 ("[R]equiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review.") (quoting Winfrey v. Chater, 92 F.3d 1017, 1025 (10th Cir. 1996)). More specifically, when a claimant is found not disabled at step four, the rationale for such finding "must be [] explained fully in the [ALJ's] decision[]" and the ALJ "*must . . .* show clearly how specific evidence leads to [the ALJ's] conclusion." SSR 82-62, 1982 WL 31386, at *3-*4 (emphasis added). In addition, the ALJ's decision at step four "*must* describe the weight attributed to the pertinent medical and nonmedical factors in the case and reconcile any significant inconsistencies." Id. at *4 (emphasis added). The ALJ's rationale may rely on "[r]easonable inferences" but not "presumptions, speculations and suppositions . . . ." Id.

Consistently, when evaluating whether a self-employed claimant's work involved SGA, development of the "[c]omparability" factors used in Tests Two and Three "must be specific." SSR 83-34, 1983 WL 31256, at *9; see, e.g., id. ("Evidence of the impaired individual's activities accompanied by a statement that the work is comparable to the work of unimpaired persons is insufficient for a sound decision."). "If only a general description is possible or available, any doubt as to the comparability of the factors should be resolved in favor of the

8

impaired individual." Id. Hence, "[t]he lack of conclusive evidence as to the comparability of the required factors will result in a finding that work performed is not SGA." Id.

### 2. Step Five

If, at step four, a claimant proves he is unable to do any past relevant work, or the claimant has no past relevant work at all, the ALJ then has the burden at step five to prove that plaintiff could adjust to other available work despite plaintiff's identified limitations. Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (citations omitted). At step five, the ALJ must first consider whether one of the two "special medical-vocational profiles" applies. See 20 C.F.R. §§ 416.920(g)(2), 416.962; see SSR 82-63, 1982 WL 31390, at *4-*5 (describing "special policy" for "No Work Experience Cases"); see also POMS DI 25005.005(C) ("Before proceeding to step 5, [ALJ must] consider whether any of the special medical-vocational profiles . . . might be applicable."). For one example, where, like here, a claimant is of "advanced age" (*i.e.*, "at least 55 years old"), has "no more than a limited education," and assertedly has "no past relevant work experience," the claimant may be deemed unable to make an adjustment to other work – and thus disabled – without the need for further consideration. See 20 C.F.R. § 416.962(b) (citing 20 C.F.R. § 416.965); SSR 82-63, 1982 WL 31390, *2, *4-*5 ("special policy [applied] to disability claimants [] who are of advanced age and have no recent and relevant work experience"); see generally 20 C.F.R. 416.963(e) ("[Advanced] age significantly affects a person's ability to adjust to other work.").

If the ALJ determines that neither of the special medical-vocational profiles applies, the ALJ then must determine whether an individual with the claimant's background (*i.e.*, age, education, and work experience) and residual functional capacity could adjust to other work which exists in "significant numbers" in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(a)(4)(v) &

(g), 416.960(c); Heckler v. Campbell, 461 U.S. 458, 461-62 (1983); Zavalin, 778 F.3d at 845 (citations omitted). The Commissioner may satisfy this burden either by (1) referring to the Medical-Vocational Guidelines in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"); or (2) obtaining testimony from an impartial vocational expert ("vocational expert" or "VE") about the type of work such a claimant is still able to perform, as well as the availability of related jobs in the national economy. See Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016) (citation omitted); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-01). If the ALJ proves that the claimant "can make an adjustment to other work," the claimant is found "not disabled," otherwise the claimant is disabled. 20 C.F.R. §§ 416.920(a)(4)(v) & (g).

### B. Analysis

Preliminarily, defendant contends that plaintiff forfeited any challenge to the ALJ's assumption that plaintiff had past relevant work as a painter because plaintiff failed to raise the issue during the administrative proceedings. (Defendant's Motion at 10-12). The Court disagrees. Where, like here, an ALJ's decision violates a specific requirement clearly mandated by Social Security regulations (*i.e.*, failure to articulate specific factual findings based on record evidence to support ALJ's conclusions on dispositive issue at step four), and no specific issue exhaustion requirement is provided by statute, regulation, and/or agency/court ruling, a plaintiff's challenge to the ALJ's error is not forfeited in federal court simply because the claimant's attorney failed to raise the specific issue during the administrative proceedings. See Lamear v. Berryhill, 865 F.3d 1201, 1206-07 (9th Cir. 2017) ("law [] clear" that counsel's failure to object during administrative proceedings does not relieve ALJ of "express duty" to obtain "reasonable explanation" for apparent conflicts in vocational evidence); cf., e.g., Sims v. Apfel, 530 U.S. 103, 105-06, 112 (2000) (Social Security claimants

10

need not exhaust specific issues before Appeals Counsel in addition to exhaustion of administrative remedies prior to seeking judicial review of ALJ legal error); Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017) (holding that plaintiff may not challenge validity of vocational expert's "job numbers" based on new evidence presented for first time on appeal (*i.e.,* economic data gleaned from Occupational Outlook Handbook and U.S. Census Bureau's County Business Patterns) when claimant's attorney failed entirely to challenge vocational expert's job numbers during administrative proceedings, "no case, regulation, or statute" required ALJ to *sua sponte* take administrative notice of job data in government publications other than Dictionary of Occupational Titles); Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended) (plaintiff waived challenge to ALJ's job numbers where claim in reviewing court necessarily relied on new evidence plaintiff had not presented to ALJ or Appeals Council).

      Furthermore, at step four the ALJ determined that plaintiff retained the residual functional capacity to return to past relevant work as a self-employed painter, but pointed to nothing in the record which supported finding that plaintiff's painting job could qualify as past *relevant* work at all. (AR 28). Absent some explanation regarding how the ALJ arrived at such a fundamental assumption regarding plaintiff's work history, the Court is unable to conduct a meaningful review of the ALJ's non-disability determination at step four. See, e.g., Bray, 554 F.3d at 1226 (reviewing court cannot properly determine whether substantial evidence supports non-disability decision where ALJ's decision erroneously fails "to articulate a clear basis to support [factual assumption]" as required by Social Security regulations); Montoya v. Colvin, 649 Fed. Appx. 429, 430-31 (9th Cir. 2016) (ALJ erred at step four in finding claimant could perform past relevant work where ALJ stated that claimant's prior jobs were "past relevant work . . . without addressing the substantial gainful activity issue or developing the record on it," and record was "unclear" whether claimant's earnings met

amount specified in the SGA Earnings Guidelines) (citations omitted); see generally Brown-Hunter, 806 F.3d at 492 ("A clear statement of the [ALJ's] reasoning is necessary because [courts] can affirm the agency's decision to deny benefits only on the grounds invoked by the agency.") (citation omitted); Bray, 554 F.3d at 1226 ("[M]eaningful review of an administrative decision requires access to the facts and reasons supporting that decision.") (citing Chenery, 332 U.S. at 196).

The Court cannot confidently conclude that the ALJ's error was harmless. For example, there is uncontroverted evidence in the record which suggests that plaintiff's prior work might not have involved SGA. Under Test One, while plaintiff (apparently a sole proprietor) necessarily rendered "significant" services to the operation of his business, the record does not reasonably support a finding that plaintiff received "substantial income" under the circumstances. As plaintiff notes (Plaintiff's Motion at 2), the summary of earnings currently in the record reflects that plaintiff's average total monthly income for 2011 (*i.e.*, the pertinent year with the highest total "earnings") was approximately $800.75 (based on $9,609.00 annual earnings). (AR 241). Defendant does not reasonably dispute that such average monthly income falls well below the average amount listed in the SGA Earnings Guidelines for 2011 (*i.e.*, $900 per month). See 20 C.F.R. § 416.974(b)(2)(ii); POMS § DI 10501.015(B). Indeed, the ALJ essentially acknowledged as much both in her decision and during the administrative hearing. (See AR 27-28 [plaintiff's "earnings are generally well below the substantial gainful activity level for a year"]; AR 77 [observing plaintiff's "earnings record" reflected that "covered earnings . . . from [] self employment as a painter [were] very minimal"]).

Defendant argues that even if plaintiff's countable income did not average more than the amount shown in the SGA Earnings Guidelines there is sufficient other evidence in the record from which to find that plaintiff's prior painting work

involved SGA (*i.e.*, under the "personal standard" or the "community standard" in the second part of Test One). (Defendant's Motion at 13-17). Nonetheless, since the ALJ did not expressly make such a finding, much less provide any specific rationale for doing so, this Court may not affirm the ALJ's non-disability determination on such additional grounds. See Trevizo, 871 F.3d at 675 (citations omitted). In addition, defendant points to nothing else in the record which might unmistakably support a finding under any of the three pertinent tests that plaintiff necessarily worked at a SGA level. Cf., e.g., Pinto, 249 F.3d at 846 (remand warranted where ALJ found claimant not disabled at step four based "largely" on inadequate vocational expert testimony and ALJ otherwise "made very few findings").

The ALJ's alternative findings at step five of the sequential evaluation process do not render harmless the ALJ's errors at step four. For example, to the extent plaintiff had *no* past relevant work (as the ALJ necessarily assumed in order to proceed to step five), and plaintiff was "closely approaching retirement age" (*i.e.* of advanced age) and had "limited education" (as the ALJ found) (AR 28), an ALJ may have been required to find plaintiff disabled under the rules for "special medical-vocational profiles" without considering whether plaintiff could adjust to other work in light of his background and residual functional capacity. See 20 C.F.R. § 416.962(b) (ALJ "[does] not need to assess [claimant's] residual functional capacity or consider [the Grids]" where claimant meets special medical-vocational profile for "no past relevant work experience" cases); SSR 82-63, 1982 WL 31390, at *4-*5 (describing "special policy" for "No Work Experience Cases"). Moreover, even if the Grids were applicable, the most relevant to plaintiff's case appears to be Rule 203.02, which directs a finding of "disabled" where, like here, a claimant "closely approaching retirement age" with "limited or less" education assertedly has no "[p]revious work experience."
///

Accordingly, a remand is warranted, at least to permit the ALJ to reassess plaintiff's claim at step four.

## V. CONCLUSION[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED in part, and this matter is REMANDED for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 19, 2019.

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[3] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in Social Security cases) (citations omitted).